IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARINA KOLBE, | § | |
| | § | CIVIL ACTION FILE |
| Plaintiff, | § | NO. ___1:03-CV-2650 |
| | § | |
| v. | § | |
| | § | |
| CNN PRODUCTIONS, INC., | § | |
| TURNER BROADCASTING SYSTEM, | § | |
| INC. and AOL TIME WARNER, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COMES NOW Plaintiff Marina Kolbe and files this Complaint for Equitable Relief and Damages, showing the Court the following:

### INTRODUCTION

Plaintiff brings this action against her former employers CNN Productions, Inc. ("CNN"), Turner Broadcasting System, Inc. ("Turner Broadcasting"), and AOL Time Warner, Inc. ("AOL Time Warner") because she was terminated from her employment as a result of Defendants' pattern and practice of unlawful race, national origin and age discrimination, and as a result of Defendants' conspiracy to deprive persons of civil rights and interference with equal privileges and immunities under the laws, in violation of 42 U.S.C. §1981 and 42 U.S.C.

1

§1985(3).  Plaintiff has filed a charge of discrimination at the Equal Employment

Opportunity Commission ("EEOC") against defendants alleging discrimination

based upon race, sex, national origin and age.  Upon receipt of a notice of right to

sue letter from the EEOC, Plaintiff will promptly move for leave to amend the

complaint and add additional counts under Title VII and the Age Discrimination in

Employment Act.

CNN, Turner Broadcasting and AOL Time Warner (hereinafter the

"Corporate Defendants") have conspired among themselves to run a news network

group segregated along racial and ethnic lines. Specifically, the Corporate

Defendants have maintained news networks which are racially segregated in order

to cater to specific audiences. Under the umbrella of CNN there exist several CNN

News networks, collectively referred to as the CNN News Network Group. CNN

en Español consists primarily of foreign-born Hispanic anchors. CNN International

consists of predominantly foreign-born anchors and, in recent times under the

direction of Rena Golden, has hired primarily anchors of Indian descent. Caucasian

United States-born anchors have not been hired recently at CNN International.

CNN Headline News has predominantly young, Caucasian news anchors;

minorities are largely relegated to secondary anchor roles, such as sports,

entertainment, and medical positions.  At CNN USA, the vast majority of main

anchors are white, particularly in its prime-time slots. The vast majority of anchors at CNN fn/ CNN Money Network are also white. The Corporate Defendants have succumbed to this segregated arrangement as the result of a marketing strategy and competitive concerns about market share with other cable news networks that have predominantly Caucasian and youthful anchors and that have a larger market share of viewers than the Corporate Defendants. The segregated arrangement is illegal and is a violation of Title VII, 42 U.S.C. § 1981 and the Age Discrimination in Employment Act. Illegal hiring, assignment, promotion, discharge and termination decisions are made with regard to news anchors and reporters, based upon race, age, national origin and gender as a matter of course. None of these factors is a bona fide occupational qualification.

## PARTIES

### 1.

Plaintiff Marina Kolbe (hereinafter "Kolbe" or "Plaintiff Kolbe") is a Caucasian Canadian-American woman, with no distinctive accent when she speaks, and was 41 years old at the time she was terminated from Defendant's employ.

2.

Defendants CNN, Turner Broadcasting, and AOL Time Warner are foreign corporations doing business within the state of Georgia, with an office and place of conducting business in Atlanta, Georgia. CNN, Turner Broadcasting and AOL Time Warner may each be served with process by delivering copies of the Complaint and Summons to their registered agent for service of process, C.T. Corporation System at 1201 Peachtree Street, N.E., Atlanta, Fulton County, Georgia 30361.

## JURISDICTION

3.

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 1332. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

4.

Plaintiff Kolbe began working for CNN Productions at the CNN fn Network, a business and financial news television network headquartered in New York. Plaintiff was employed as an on-air business reporter in 1996. At that time, CNN sponsored her immigration into the United States from Canada with an H1B Visa, which required CNN to submit a letter stating that Kolbe was specially

4

qualified as a professional to perform her particular job, and more qualified than any American citizen.

5.

During her time at CNN fn, Kolbe was repeatedly praised for her work and was promoted to reporting business issues from Wall Street for CNN USA, as well as continuing to work at CNN fn, after just one month with the network.

6.

After approximately one and one-half years at CNN, Kolbe moved to CNN headquarters in Atlanta to work as an anchor in June 1997. Kolbe initially worked regularly as a freelance anchor with CNN International ("CNNI") and CNN USA television networks.

7.

Plaintiff Kolbe entered in to a three-year employment contract with CNNI in February 1999, expiring January 31, 2002.

8.

During this time period, Plaintiff received frequent praise from co-workers, colleagues, interviewees and superiors at CNN, though she had never received an official employee review.

5

9.

In an open meeting, CNN President Phil Kent stated that CNN was actively

seeking to hire more ethnic and racial minority employees, and stated that CNN

was giving bonuses to managers who hired minorities.  This meeting was attended

by Plaintiff, producer Sarah Weinstein, CNN President Chris Cramer and CNN

President of Newsgathering Eason Jordan.

10.

Executives who oversaw CNN International Network and CNN

Newsgroup's international correspondents were told not to recruit American on-air

talent.  In late 1996 or early 1997, in a meeting with CNN Newsgroup senior

executives, Ted Turner, former head of Turner Broadcasting, majority shareholder

and then Vice Chairman of Time Warner (parent companies of CNN and co-

defendants), said "I want the American faces off CNNI."  He went on to say that

he did not want to see American faces reporting from foreign countries.

11.

During the time period when Plaintiff worked at CNNI, there were six

anchors hired at the Atlanta headquarters by CNNI Executive Vice President Rena

Golden, five were of Indian descent and one anchor was a black African.  Despite

Kolbe's seniority, each new hire was given more and better opportunities for

6

training than was Kolbe; the more desirable weekday shifts were staffed predominately by minority anchors, while Kolbe continued working overnight and weekend shifts. The minority employees were given opportunities to work with the best producers and writers at CNNI, sent on prestigious assignments, including assignments overseas, and were given higher starting salaries and more promotions than Kolbe.

12.

At one point during her employment, Kolbe approached Rena Golden about changing her last name to "Iglesias," a family name, to appear more ethnic and was told that the name change would have been helpful prior to beginning her employment with CNNI.

13.

When CNNI had an opening for an anchor on their most high profile show, "Q & A," Golden would not allow Kolbe to audition for the show. The anchor position was instead given to a newcomer, Zain Verjee, an Indian woman in her mid-twenties.

14.

In October 2002, during a conversation between Kolbe, CNNI editor Carrie Adamowski and writer and producer Tom Wright; Wright joked about the

unexpectedly high proportion of Indian anchors on CNNI. Wright referred to this phenomenon as "Rena Vision," referencing to Rena Golden's preference for hiring and retaining Indian anchors and on-air reporters at CNNI.

15.

During the summer and early fall of 2001, CNNI aired two pilot episodes of a show Kolbe created, produced and hosted called "Behind the Mind." Despite having little support from Golden, and almost no promotion, the show was a huge success, garnering exceptional viewer responses. Kolbe was praised for "Behind the Mind" by colleagues from both within and outside of CNN, including CNN President Chris Cramer and Rena Golden.

16.

Despite the huge response to the "Behind the Mind" pilot episodes, Golden refused to give Kolbe permission or resources to develop the pilot into a regular series. In a management meeting approximately one year after the "Behind the Mind" pilots aired, Eric Ludgood asked Golden if she was planning to further develop the show given its success, to which Golden gave an evasive response.

17.

In January 2002, near the expiration of her employment contract with CNNI, Kolbe received her first and only official employee appraisal from Rena Golden.

8

At this point, Kolbe had worked for CNN for six years, and was employed by CNNI for over five years.

18.

Rena Golden, in Kolbe's January 2002 employee appraisal, gave her an overall rating of "Satisfactory," which was defined as "consistently performing work which meets all requirements." Golden, in her written comments to Kolbe's evaluation, gave Kolbe's employment performance mixed reviews, yet Golden had never previously criticized Kolbe's performance.

19.

In January 2002, Kolbe signed a one-year employment contract with CNNI, expiring January 31, 2003. At that time, Golden informed Kolbe that CNNI would not extend her employment past the January 2003 contract expiration. However, Golden told Plaintiff that she could continue to work at CNNI as a freelancer, and other executives at CNN USA assured Kolbe that she would also be able to work as a freelance anchor for the other CNN networks.

20.

In February 2003, Golden wrote a highly complimentary letter recommending Kolbe for a Kaiser Media Fellowship in Health, stating that Kolbe

9

is "a very dedicated journalist with an insatiable curiosity, and tremendous energy."

21.

In February and March 2003, Kolbe received glowing letters of recommendation for the Kaiser Media Fellowship from supervisors and colleagues at CNN, including CNNI Supervising Producer Steve Tuemmler, CNN USA Supervising Producer Rick Ward, CNN Executive Producer Kim Underwood and CNNI Producer Deborah Calvin.

22.

Because she was to continue working as a freelance anchor and reporter at the CNN Networks, Kolbe was allowed to keep her employee identification materials, CNN pager, and CNN email account.

23.

Despite repeated and ongoing attempts to work as a freelance anchor at CNN since her contract expiration, Kolbe has not been given any work assignments with any CNN network, domestic or international.

24.

In January 2003, David Neuman, CNN's Chief Programming Officer, told Plaintiff that she would not be hired at CNN's domestic networks and asked her

"What's your back up plan?"

25.

Plaintiff, as a Caucasian Canadian-American woman with no discernable accent when she speaks, was one of many employees discriminated against by Defendants' concerted efforts to segregate the CNN News networks, and concentrate ethnic and racial minority anchors and reporters on CNN International, while employing primarily younger Caucasian female anchors at CNN Headline News and CNN USA.

## COUNT I

## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

26.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

27.

Defendants subjected Plaintiff to adverse employment action, discriminating against her on the basis of race in making and enforcing contracts, including contracts of employment. Defendants terminated Plaintiff's employment with CNNI and refused to hire her for freelance assignments after the expiration of her employment contract. Defendants' actions are the result of a pattern and practice of

intentional racial segregation and discrimination and constitute an unlawful violation of 42 U.S.C. §1981, as amended.

28.

Defendants violated 42 U.S.C. §1981 in the performance of Plaintiff's employment contract, providing differential benefits, terms and conditions for minority versus non-minority employees. Plaintiff was paid less than her ethnic and racial minority counterparts, and was given reduced benefits, less desirable assignments, and fewer opportunities for training and advancement than racial and ethnic minorities, in violation of 42 U.S.C. §1981.

29.

Plaintiff is entitled to the relief set forth in the prayer for relief below.

## COUNT II

## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS IN VIOLATION OF

## 42 U.S.C. §1985(3)

30.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

31.

The Corporate Defendants have conspired within and between themselves as

12

separate corporate entities to segregate their employees, and specifically on-air employees based upon race. Through this practice of racial segregation, Defendants have deprived a class of persons, including, but not limited to, Caucasian and American employees and, in other instances, racial minorities, of equal protection of the laws, and of equal privileges and immunities under the laws, and have individually and in concert acted in furtherance of such conspiracy.

32.

Plaintiff was injured by Defendants' conspiracy in that she is a member of a protected class and was deprived of a property interest in her continued employment, in violation of 42 U.S.C. § 1985(3).

33.

Plaintiff is entitled to damages as set forth in the prayer for relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

a.     That Plaintiff be awarded a declaratory judgment that Defendants have violated 42 U.S.C. § 1981 and 42 U.S.C. §1985(3);

b.     That this Court enters a permanent injunction, prohibiting Defendants from engaging in unlawful employment practices in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1985(3);

c.     That this Court enters an injunction, requiring Defendants to reinstate Plaintiff, with retroactive seniority, to her former on-air anchor position at CNN.

d.     Full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

e.     Full front pay, taking into account all raises to which Plaintiff would be entitled to receive but for her unlawful termination, and all fringe and pension benefits of employment;

f.     That Plaintiff have and recover compensatory damages pursuant to 42 U.S.C. § 1981;

g.     That Plaintiff have and recover punitive damages pursuant to 42 U.S.C. § 1981;

14

h.      That Plaintiff have and recover damages occasioned by Defendants'
conspiracy in that she was deprived of property interest pursuant to 42 U.S.C. §
1985(3);

i.      That Plaintiff have and recover her attorney's fees and costs of
litigation pursuant to 42 U.S.C. § 1988; and

j.      Any and all such further relief that this Court or the finder of fact
deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

BUCKLEY & KLEIN, LLP

Edward D. Buckley
Georgia Bar No. 092750

Atlantic Center Plaza, Suite 1100
1180 West Peachtree Street
Atlanta, Georgia 30309
Telephone:  404-781-1100
Facsimile:  404-781-1101

Attorneys for Plaintiff

15

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing document was prepared in

Times New Roman 14 font, as approved by the Court in LR 5.1B.

BUCKLEY & KLEIN, LLP

Edward D. Buckley
Georgia Bar No. 092750

Atlantic Center Plaza, Suite 1100
1180 West Peachtree Street
Atlanta, Georgia 30309
Telephone:  404-781-1100
Facsimile:  404-781-1101

Attorneys for Plaintiff

16

ORIGINAL

## United States District Court

_____NORTHERN_____ DISTRICT OF_____ GEORGIA _____

**MARINA KOLBE,**

     **Plaintiff,**

          **V.**

**CNN PRODUCTIONS, INC.,**
**TURNER BROADCASTING SYSTEM,**
**INC. and AOL TIME WARNER, INC.,**

     **Defendants.**

**SUMMONS IN A CIVIL CASE**

**CASE NUMBER:**

**1:03-CV-2650**

**TO:** **CNN Productions, Inc.**
**c/o** **C.T. Corporation Systems**
     **1201 Peachtree Street, N.E.**
     **Atlanta, GA  30361**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

**Edward D. Buckley**
**Buckley & Klein, LLP**
**1180 West Peachtree Street**
**Suite 1100, Atlantic Center Plaza**
**Atlanta, Georgia 30309**

An answer to the complaint, which is herewith served upon you within_____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**LUTHER D. THOMAS**
_____
CLERK

_____
(BY) DEPUTY CLERK

SEP  4 2003
_____
DATE

ORIGINAL

## United States District Court

_____NORTHERN_____ DISTRICT OF _____GEORGIA_____

**MARINA KOLBE,**

   **Plaintiff,**

      **V.**

**CNN PRODUCTIONS, INC.,
TURNER BROADCASTING SYSTEM,
INC. and AOL TIME WARNER, INC.,**

   **Defendants.**

**SUMMONS IN A CIVIL CASE**

**CASE NUMBER:**

**1:03 CV-2650**

**TO:**  **Turner Broadcasting System, Inc.**
**c/o**  **C.T. Corporation Systems**
  **1201 Peachtree Street, N.E.**
  **Atlanta, GA 30361**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

**Edward D. Buckley**
**Buckley & Klein, LLP**
**1180 West Peachtree Street**
**Suite 1100, Atlantic Center Plaza**
**Atlanta, Georgia 30309**

An answer to the complaint, which is herewith served upon you within_____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS

CLERK

_(BY) DEPUTY CLERK_

SEP 4 2003

DATE

ORIGINAL

# United States District Court

_____ NORTHERN _____ DISTRICT OF _____ GEORGIA _____

**MARINA KOLBE,**

**SUMMONS IN A CIVIL CASE**

    **Plaintiff,**

        **V.**

**CASE NUMBER:**

**CNN PRODUCTIONS, INC.,
TURNER BROADCASTING SYSTEM,
INC. and AOL TIME WARNER, INC.,**

**1:03 CV-2650**

    **Defendants.**

**TO:  AOL Time Warner, Inc.
c/o  C.T. Corporation Systems
     1201 Peachtree Street, N.E.
     Atlanta, GA  30361**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

**Edward D. Buckley
Buckley & Klein, LLP
1180 West Peachtree Street
Suite 1100, Atlantic Center Plaza
Atlanta, Georgia 30309**

An answer to the complaint, which is herewith served upon you within_____20_____ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You
must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS

SEP  4 2003

_____
CLERK

_____
DATE

_____
(BY) DEPUTY CLERK